UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVENSON ENTERPRISES,<br><br>            Plaintiff,<br><br>    v.<br><br>ENRIQUETA MENDOZA, *et al.*,<br><br>            Defendants.<br>_____/ | No. C-08-4845 EMC<br><br>**ORDER (1) RE SUPPLEMENTAL BRIEFING RE DAMAGES; AND (2) VACATING HEARING** |

On October 22, 2008, Plaintiff, Stevenson Enterprises, filed suit against Defendants: Enriqueta Mendoza; Estate of David Mendoza; Hak Chon Lee; Jeum Soon Lee; Yong W. Lee; and HYSL, Inc., a California corporation. Docket No. 1. In the operative complaint, Plaintiff asserts a claim pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et. seq*, and other state law claims. Docket No. 151. According to Plaintiff, the parties resolved their dispute in mediation and stipulated to judgement being entered against Defendant Hak Chon Lee, subject to Plaintiff proving up damages. *See* Docket No. 177 at 2. Currently pending before the Court is Plaintiff's request that the Court enter a partial judgment pursuant to Federal Rule of Civil Procedure 54(b) against Hak Chon Lee, for the totality of its damages. Docket No. 177.

When requesting a judgment from the Court, the moving party is required to prove the damages it seeks. *See, e.g., Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) ("Plaintiff is required to prove all damages sought in the complaint.").

Here, Plaintiff seeks the following damages: (1) $395,098.46[1] in clean up costs pursuant to its CERCLA claim; (2) $127,710.00 in attorneys fees; and (3) $15,496.76 in expenses to prosecute its claims and to "attempt to locate insurance policies." *See* Walsh Decl. Docket No. 178.

In support of its request for damages, Plaintiff provides two declarations. The first declaration is from Shawn Munger, the Principal Geologist at ENGEO Inc., which provided clean up services to Stevenson Enterprises. With regard to the issue of damages, Mr. Munger – the geologist – asserts that Plaintiff has incurred costs exceeding $270,222.00.[2] Mr. Munger does not provide any documentation to support this statement.

The second declaration is from Michael Walsh, the trustee to Stevenson Enterprise, which is the Plaintiff. Mr. Walsh states that the Plaintiff has incurred $124,876.23 in investigation costs and $270,222.23 in remediation costs. Walsh Decl. at 2. Mr. Walsh also claims that Plaintiff has incurred $143,206.76 in attorney's fees and costs. Mr. Walsh does not provide further detail or any documentation in support of these statements.

Nor does Plaintiff explain why Defendant Hak Chon Lee should be liable for 100% of the costs.

The hearing on Plaintiff's motion and the Case Management Conference, both currently set for November 13, 2014, are hereby **VACATED** and reset for Friday, December 12, 2014 at 1:30 p.m. The Court hereby orders Plaintiff to file supplemental briefing that shall provide:

(1) An explanation as to why a judgment for the entirety of its costs should be entered against Hak Chon Lee alone.

(2) Documentary evidence supporting its requests for costs associated with its CERCLA claim (investing and remediation costs).

---

[1] Plaintiff requested $124,867.23 for costs associated with AEI Consultants and $270,222.23 for costs associated with ENGEO Inc. Plaintiff seems sum these two figures, requesting a total of $395,098.46 for costs associated with both companies. However, the sum of those two numbers is actually $395,089.46.

[2] This estimate is curiously twenty-three cents shy of the total cost represented to the Court by the Plaintiff. Docket No. 177 at 5.

2

(3) Documentation of the reasonableness of its requested attorneys fees. Plaintiff shall address the amount it seeks pursuant to their claim for breach of contract, as distinguished from the amount associated with their cost recovery action under CERCLA. *See Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994) ("CERCLA § 107 does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action.").

This supplemental briefing and evidentiary showing shall be filed by **Tuesday, November 18, 2014** at **11:00 a.m.** Plaintiff shall serve a copy of this order on Defendant within three days of this Order. Plaintiff shall also serve a copy of their supplemental brief and evidentiary showing on Defendant upon filing with the Court. The matter will then be submitted unless the Court sets a hearing.

IT IS SO ORDERED.

Dated: November 10, 2014

_____
EDWARD M. CHEN
United States District Judge

3